**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS   DIVISION**

| | | |
|---|---|---|
| **SELIM OADAH** | ) | |
| | ) | |
| **v.** | ) | **3-10-CV-214-B** |
| | ) | |
| **BRANDON INNES and** | ) | |
| **CITY OF DALLAS** | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's referral order filed on May 3, 2010, on May 20, 2010, came

on to be heard Defendant City of Dallas's motion to compel (doc. 13) and Plaintiff's attorney's

motion to withdraw (doc. 16) and the magistrate judge makes the following recommendation

pursuant to 28 U.S.C. §636(b)(1)(B) and (C).

**Findings, Conclusions and Recommendation:** Plaintiff filed his petition in this action in

the 101st Judicial District Court of Dallas County on September 15, 2009, alleging that the City of

Dallas and Brandon Innes were liable for damages as a result of injuries which he sustained on

September 15, 2007. Defendants thereafter removed the case to federal court where it was docketed

in the above numbered case.

Defendant's motion to compel, *supra*, relates to Plaintiff's failure to answer the City's

interrogatories and to execute a medical authorization while Plaintiff's attorneys' motion seeks an

order granting leave to withdraw based upon their inability to communicate with Oadah, rendering

it difficult to maintain an attorney-client relationship.

A copy of the court's order setting the hearing for May 20, 2010, was delivered to Plaintiff

personally. As a result of this notice, he met with Mr. Sullivan at which time he was provided with

the City's interrogatories and was advised that he should appear in court on May 20, 2010. Mr.

Sullivan also advised the court he had met with Plaintiff shortly after receiving the City's interrogatories and discussed how they should be answered and made an appointment to meet at Sullivan's office to finalize and execute Oadah's responses to the City's discovery.  However, Plaintiff did not keep the appointment and the responses to the City's interrogatories were never served, a fact confirmed by the City's counsel.

Although Mr. Sullivan reinforced the court's statement in the May 6, 2010, order that it would be in his interest to attend the May 20, 2010, hearing, and although the court delayed the hearing until 10:15 a.m. to insure that Oadah had an ample opportunity to attend, Plaintiff did not make an appearance.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Since the applicable Texas statute provides a two-year limitation period for the claims asserted in Plaintiff's petition a subsequently filed action would be subject to a statute of limitations defense.[1]  In light of this fact it becomes rather academic as to whether dismissal of this action is with or without prejudice because either dismissal would bar Oadah from litigating his claims predicated on the September 15, 2007, incident. Dismissal under Rule 41(b) is appropriate where

---

[1]It appears that the petition in this case was filed on the last day of the two-year period.

there is "a clear record of delay or contumacious conduct ... and when lesser sanctions would not serve the best interests of justice."  *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5ᵗʰ Cir. 1982).

The fact that Plaintiff delayed filing his lawsuit until the last possible moment, so to speak, casts some doubt on his interest and sincerity in vigorously seeking relief from the defendants. However, the more salient factors relating to his inaction in prosecuting his claims are (1) his failure to keep appointments and to cooperate and maintain communications with his own attorneys, (2) his failure to timely respond to the City's discovery and to provide a medical authorization to its attorneys, (3) the fact that he was placed on notice that in its motion the City affirmatively sought dismissal of his case[2] and that (4) despite the seriousness of the issues raised in both the City's motion and that of his attorneys, and the suggestion of the court and of his counsel that he attend the May 20ᵗʰ hearing, that he failed to appear.  Each of these factors, alone or in combination, demonstrates that a lesser sanction than dismissal would not serve the best interests of justice and that the City has been prejudiced in its ability to obtain Plaintiff's medical records without a properly executed authorization from him.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the District Court dismissal Plaintiff's petition for want of prosecution pursuant to Rule 41(b).

A copy of this recommendation shall be transmitted to Plaintiff by mail  at 408 Park Avenue,

---

[2]This sanction was again requested in the City's amended motion to compel (Doc. 19), a copy of which was provided to Plaintiff when, after receiving a copy of the court's order, he met with Mr. Sullivan.

3

Dallas, TX 75201, to Dan Sullivan and to Defendants' counsel.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within fourteen days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

4